Dewey, J.
Adkins sued Richardson and Hibbetts in replevin. The defendants pleaded jointly, that they did not take and detain the property. Richardson pleaded separately, 1, A justification under a domestic attachment directed to him as sheriff, by which- he seized the goods in dispute as the property of one W. Adkins, the defendant in attachment, to whom they belonged, alleging they were not the property of the plaintiff; 2, Property in W. Adkins; 3, Property in Hibbetts, the other defendant; and 4, Property in Richardson and Hib-betts. The plaintiff moved the Court to reject the first plea pleaded by Richardson alone. The motion was never decided. Replication to the three last pleas, alleging the property to be in the plaintiff. In this state of the pleadings, the cause went to the jury in such a manner as to leave it uncertain what issues were really submitted to them. A verdict was returned “We of the jury find the right of property to be in the plaintiff and assess his damages at one cent,” upon which the Court rendered a judgment against both defendants.
This judgment must be reversed. The issue formed upon the joint plea of both defendants, that they did not take, cfec. was not found at all by the jury. The finding that the right of property was in the plaiiaiff did not authorize a judgment in his favour over the general issue. Huff v. Gilbert, 4 Blackf., 19.
There is also another objection to the judgment. The plea *151 of one of the defendants, Richardson, justifying under a domestic, attachment, stands unanswered. The verdict did not entitle tbe plaintiff to a judgment against both defendants over that plea. There was so much informality ii? the whole trial of the cause, that a venire de novo must go ao to all the issues.
W. J. Peaslee, for the plaintiffs.
P. Sweetser, for the defendant.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.